# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY B. QUINN, ESQUIRE<br>*Plaintiff* | : CIVIL ACTION<br>:<br>: NO. 16-0591 |
| v. | : |
| POLICE OFFICER BADOLATO, *et al.*<br>*Defendants* | :<br>: |

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.                    JULY 29, 2016

## MEMORANDUM OPINION

### INTRODUCTION

On February 22, 2016, Anthony B. Quinn, Esquire ("Plaintiff"), filed a first amended complaint against Defendants Police Officer Badolato[1] ("Officer Badolato"), Jordan Lovitz ("Lovitz"), and Springfield Towing & Recovery, LLC ("Springfield Towing") (collectively, "Defendants"),[2] asserting claims under 42 U.S.C. § 1983 ("§ 1983") and 42 U.S.C. § 1985(3) ("§ 1985(3)") for the violation of his substantive due process rights.[3] [ECF 2].

Before this Court are Defendants' motions to dismiss filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), [ECF 7, 18 and 21], which seek the dismissal of the civil rights claims asserted in the amended complaint. Plaintiff has filed an opposition to each motion, [ECF 8, 19 and 22], and Defendants Lovitz and Springfield Towing have filed separate

---

[1] Plaintiff, in his amended complaint, misspells Defendant Officer Badolato's last name as Baldato.

[2] Although Plaintiff named two John Doe police officers as defendants, they have not yet been served nor identified. (*See* Am. Compl. ¶ 5).

[3] In the *statement of claim and jurisdiction* in the amended complaint, Plaintiff indicates that "this is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 . . . ." However, Count Two clearly indicates that the claims under that count are brought pursuant to § 1985(3) and not § 1988. Therefore, this Court will address the arguments presented as they relate to § 1985(3).

replies. [ECF 23, 20, respectively]. The issues have been fully briefed, and the motions are ripe for disposition.

For the reasons set forth, Defendants' motions to dismiss are granted.

## BACKGROUND

When ruling on Defendants' motions to dismiss, this Court must accept, as true, all relevant and pertinent factual allegations in the amended complaint and construe these facts in the light most favorable to Plaintiff. These allegations are summarized as follows:

>  Plaintiff is a resident of Wyndmoor, Springfield Township, Pennsylvania. (Am. Compl. ¶ 4). Springfield Towing is a Pennsylvania towing and recovery limited liability corporation contracted by Springfield Township for automobile towing.[4] (*Id.* at ¶ 6). Officer Badolato and the two John Doe Officers are alleged to be police officers from Springfield Township, Pennsylvania. (*Id.* at ¶ 5).
> 
> On February 15, 2014, a heavy snowfall fell in the area of Plaintiff's residence. (*Id.* at ¶ 8). At approximately 11:45 p.m., a male who Plaintiff identified as Lovitz, an alleged owner/employee of Springfield Towing and an acquaintance of Plaintiff's neighbor, knocked on Plaintiff's door and swore at him. (*Id.* at ¶¶ 6, 8). Plaintiff called 911, but noticed Officer Badolato and the unidentified uniformed police officers were already in front of his home. (*Id.* at ¶¶ 9, 10). Plaintiff watched as Officer Badolato "supervised" Springfield Towing and Lovitz plow a mound of snow and ice from the street into the entrance of his driveway. (*Id.* at ¶¶ 10, 23).
> 
> Plaintiff complained to Officer Badolato and the unidentified police officers, and requested that the mound of snow and ice be removed from his property because it was dangerous, and limited Plaintiff's ingress and egress of his property. (*Id.* at ¶ 11). However, one of the unidentified police officers smiled and smirked at Plaintiff, and stated "it ain't happening." (*Id.*). Defendants left the area, leaving the mound of snow and ice at the entrance to Plaintiff's property and inside the driveway. (*Id.* at ¶ 12).
> 
> Very cold temperatures overnight and into the next day caused the mound of snow and ice to freeze and solidify. (*Id.* at ¶ 13). The next day, Plaintiff attempted to remove the mound of ice from his driveway but fell and broke his wrist. (*Id.* at ¶ 14). Two days later, Plaintiff fell a second time while attempting to scale the mound of ice on his way to work. (*Id.*). Plaintiff was in a cast for six

---

[4] Plaintiff has not alleged that Defendant Springfield Towing was in a direct contractual relationship with Springfield Township for snow removal.

weeks which limited his ability to work and subsequently underwent two courses of physical therapy for his wrist and arm. (*Id.* at ¶ 14).

Specifically, Plaintiff alleges that Defendants, individually and/or collectively, violated his substantive due process rights by creating a "state-created danger" when they plowed a mound of snow and ice into the entrance of his driveway, which caused him to fall and break his wrist. (*Id.* at ¶¶ 10, 23). As a result, Plaintiff seeks monetary damages from all Defendants for: (1) their alleged violation of his substantive due process rights guaranteed by the Fourteenth Amendment of the United States Constitution; (2) their conspiracy to deprive Plaintiff of his substantive due process rights under § 1985(3); and (3) from Defendants Lovitz and Springfield Towing, for negligence.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) may be granted if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief: it must "show such an entitlement with its facts." *Id.* (citations omitted).

To determine the sufficiency of a complaint, "a court . . . must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675) (alterations in original). Second, the court must identify allegations that are merely legal

conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Third, a court should assume the veracity of all well-pleaded facts and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

A court may determine that a complaint's factual allegations are plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (citations omitted). Reviewing the plausibility of the complaint is a "context-specific" inquiry and requires a court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## DISCUSSION

As stated, Plaintiff claims that Defendants, acting under color of law, deprived and/or conspired to deprive Plaintiff of substantive due process rights guaranteed by the Fourteenth Amendment by creating and subjecting him to a state-created danger. Defendants are alleged to have created the state-created danger when, after a heavy snowfall, Defendants plowed a mound of snow and ice from the street into his driveway, which froze overnight into a mound of ice due to freezing temperatures. Sometime during the next day, Plaintiff fell and broke his wrist while attempting to remove the now mound of ice.

To state a viable claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and/or laws of the United States, and must show that the deprivation alleged was committed by a person acting under color of state law. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013). Section 1983 does not provide substantive rights, but instead, "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004). Here, to establish a § 1983 violation, Plaintiff must allege facts sufficient to establish that each Defendant acted under color of state law *and* deprived Plaintiff of a right secured by the Constitution and/or the laws of the United States. *See Robb v. City of Phila.*, 733 F.2d 286, 290-91 (3d Cir. 1984). With these basic legal principles in mind, this Court will address Plaintiff's claims.

*Plaintiff's Fourteenth Amendment Due Process Claim*

In Count One, Plaintiff claims that Defendants violated his substantive due process rights when plowing a mound of snow and ice into the entrance of his driveway, and as a result, he broke his wrist when he fell while attempting to remove the mound. The Fourteenth Amendment

of the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. However, the Constitution "cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means," such as, by the acts of private individuals. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). This is true even if governmental interference "may be necessary to secure [those] interests." *Id.* at 196. "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *Id.* at 196-97. Generally, courts have recognized that the due process clause's purpose is to "protect people from the State, not to ensure that the State protected them from each other." *Id.* at 196; *see also Morrow*, 719 F.3d at 166.

In interpreting *DeShaney*, the Third Circuit Court of Appeals has stated that it "stands for the harsh proposition that even though state officials know that a person is in imminent danger of harm from a third party, the fourteenth amendment imposes upon those state officials no obligation to prevent that harm." *Horton v. Flenory*, 889 F.2d 454, 457 (3d Cir. 1989); *see also Morrow*, 719 F.3d at 166 ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." (quoting *DeShaney*, 489 U.S. at 197)). Following *DeShaney*, the Third Circuit has held that a state may be liable for its failure to protect citizens against private violence when the state (1) enters into a "special relationship" with the plaintiff or (2) creates a danger which results in foreseeable injury to a discrete plaintiff. *See Ye v. United States*, 484 F.3d 634, 637 (3d Cir. 2007); *Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996).

In light of the above-cited case law, this Court finds that Defendants generally have no constitutional obligation to prevent harm to Plaintiff under the alleged circumstances. This Court must consider, however, whether either of the two exceptions to the general rule applies to Plaintiff's claims. Because Plaintiff did not, nor can he, assert that the "special relationship" exception exists and/or applies to his § 1983 claim,[5] this Court will *only* analyze whether Defendants are liable under the so-called "state-created danger" exception to the general rule.

*State-Created Danger Exception*

The Third Circuit adopted the so-called "state-created danger" exception in *Kneipp*, by holding that state actors may be liable under § 1983 if an individual incurs harm as a direct result of certain state action. *See Kneipp*, 95 F.3d at 1211; *Ye*, 484 F.3d at 637. That is, "liability may attach where the state acts to *create* or *enhance* a danger that deprives a plaintiff of his or her Fourteenth Amendment rights to substantive due process." *Morrow*, 719 F.3d at 177 (emphasis in original).

To state a claim under the state-created danger exception, Plaintiff must plead facts to satisfy each of the following elements:

(1) the harm ultimately caused was foreseeable *and* fairly direct;
(2) a state actor acted with a degree of culpability that *shocks the conscience*;
(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
(4) a state actor *affirmatively* used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

---

[5] A "special relationship" exists only in the limited circumstances where the state (1) has taken a person into custody or (2) has otherwise prevented that person from helping him/herself. *Kneipp*, 95 F.3d at 1204-05; *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1370 (3d Cir. 1992). Plaintiff, however, has not pled any facts to show or even suggest that Defendants took him into custody or prevented him from helping himself. As pled, this Court is constrained to apply the "state-created danger" exception to his § 1983 claim.

*Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006) (emphasis added).

In their motions to dismiss, Defendants argue that the facts alleged in Plaintiff's amended complaint fail to satisfy each or most of the elements for a state-created danger claim and, therefore, the amended complaint should be dismissed. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 914 (3d Cir. 1997) (holding that a plaintiff's failure to meet any one of the elements requires dismissal of a § 1983 claim).[6] This Court agrees, and will address the first and second elements as to all Defendants, and the fourth element as to *only* Officer Badolato.[7]

*Plaintiff's Injury was Not Foreseeable and Fairly Direct*

The first element of a state-created danger claim requires that the harm ultimately caused to Plaintiff was a foreseeable *and* fairly direct result. *Bright*, 443 F.3d at 281 (emphasis added). "To adequately plead foreseeability . . . , [the court] require[s] a plaintiff to allege an awareness on the part of the state actors that rises to [the] level of actual knowledge or an awareness of risk that is sufficiently concrete to put the [state] actors on notice of the harm." *Phillips*, 515 F.3d at 238. But the requirement of foreseeability "does not end the analysis." *Henry v. City of Erie*, 728 F.3d 275, 283 (3d Cir. 2013). To satisfy the "fairly direct" requirement, a plaintiff "must plausibly allege that state officials' actions 'precipitated or w[ere] the catalyst for' the harm for which the plaintiff brings suit." *Id.* at 285 (alterations in original). This first element, however, is not easily satisfied because "[s]tate actors are not liable every time their actions set into motion a chain of events that result in harm." *Id.* at 283. Nor is it satisfied if the connection between the

---

[6] Since all the elements must be present to sustain a due process violation based upon the state-created-danger exception, this Court makes no findings as to whether Plaintiff has alleged facts sufficient to meet the third element with respect to any Defendant or the fourth element with regard to Defendants Lovitz and Springfield Towing.

[7] As discussed in greater detail, Plaintiff has also not pled sufficient facts to support the fourth element of a state-created danger claim in regard to Defendant Officer Badolato.

state actor's actions and the incurred harm is "too attenuated . . . to support liability," *Morse*, 132 F.3d at 908, or is separated by intervening causes. *Grau v. New Kensington-Arnold Sch. Dist.*, 429 F. App'x 169, 172 (3d Cir. 2011). When addressing the "fairly direct" requirement of the first element of a state-created danger claim, the Third Circuit in *Grau* held that the plaintiff's § 1983 claim failed because of multiple intervening causes that occurred between the defendant's alleged failure to act and the victim's ultimate death, including actions taken by the victim. *Id.* at 172-73; *see also Henry*, 728 F.3d at 285-86 ("[W]hen a victim bears some responsibility for the risks she has incurred, it is even more difficult to say that the 'state' has 'created' the 'danger' to her by its affirmative acts." (quoting *Jones v. Reynolds*, 438 F.3d 685, 694 (6th Cir. 2006))).

Here, to satisfy the first element of his state-created danger claim, Plaintiff's factual allegations must plausibly show that the harm he suffered was a "foreseeable *and* fairly direct" consequence of Defendants' actions. He has failed to do so. As stated, Plaintiff alleges that he broke his wrist while attempting to remove a frozen mound of snow that Defendants plowed into the entrance of his driveway the night before. Plaintiff contends that "it was obvious" that the mound of snow would freeze overnight, and that Plaintiff would have to remove the mound in order to access and/or leave his property. (*See* Am. Compl. ¶ 23). While Plaintiff is correct that it *may* have been foreseeable that Plaintiff's driveway, like the driveways of hundreds of other homeowners, would be snowed in as a result of snow plowing after the heavy snowfall, this observation is of no moment. It is "the *harm* ultimately caused" that must be foreseeable. Based upon the facts pled in the amended complaint, this Court opines that it was not foreseeable that Plaintiff would break his wrist while attempting to remove the frozen mound the next day. Further, Plaintiff's bald suggestion that Defendants were made aware of the general *danger* created by their actions is not "sufficiently concrete to put the [state] actors on notice of the

*harm*" under the foreseeability requirement. *Phillips*, 515 F.3d at 238 (emphasis added). Notably, Plaintiff's request to have the mound of snow and ice moved because it posed a "danger" to him was only directed to Defendant Officer Badolato and not to all Defendants. Notwithstanding, even if Plaintiff *had* directed his request to all Defendants, Plaintiff's assertion that the mound was "*dangerous*" does not establish, as in *Morse*, that Defendants were aware of the *harm*, *i.e.*, that Plaintiff would *break his wrist* while trying to remove the frozen mound of snow. As such, Plaintiff has failed to adequately plead facts to support the foreseeability requirement for a state-created danger claim.

Likewise, Plaintiff has also failed to allege facts to show that his injury was a "fairly direct" consequence of Defendants' actions. As alleged, following a heavy snowfall, Defendants plowed the mound of snow and ice from the street into the entrance of Plaintiff's driveway, and due to the very cold temperatures that night, the mound froze overnight. Sometime the next day, while attempting to remove the frozen mound of snow, Plaintiff fell and broke his wrist. Between the time that Defendants plowed the mound of snow and ice into the driveway and when Plaintiff broke his wrist, Defendants are not alleged to have done anything else. During this intervening time, however, several events independent of Defendants' actions occurred; *to wit*: freezing temperatures overnight and into the next day caused the mound of snow and ice to solidify and freeze; despite his awareness of the icy conditions, Plaintiff voluntarily decided to remove the frozen mound of snow from his driveway, presumably like countless other residents whose driveways were plowed in after the heavy snowfall; and Plaintiff's fall on the ice and breaking of his wrist.[8] These intervening events, like those described in *Grau*, sever any

---

[8] Notably, Plaintiff alleges that he fell a second time while climbing the mound of ice two days later, even though he had previously fallen and broken his wrist, and was aware of the icy conditions. (*See* Am. Compl. ¶ 14).

connection between Defendants' actions and Plaintiff's ultimate injury or harm, making it "too attenuated" to support liability.

In addition, where a victim bears some of the responsibility for the harm incurred, Third Circuit precedent holds that a stated-created danger claim is more difficult to establish. Such are the facts in this case. Thus, when taking into consideration the intervening causes that occurred over the period of a day, including Plaintiff's own voluntary and independent action, the facts alleged do not establish the requisite "fairly direct" connection between Defendants' actions and Plaintiff's injury. To hold otherwise would allow state-created danger claims to be asserted anytime a state actor sets into motion a chain of events that result in harm, such as when a township authorized agent plows streets after snowfalls and blocks driveways. It is this Court's opinion that such a result is precluded by the aforementioned precedents. Thus, given the foregoing analysis, Plaintiff's factual allegations do not establish either requirement of the first element of a state-created danger exception; *i.e.*, that Plaintiff's harm was "foreseeable *and* fairly direct" and, therefore, his § 1983 claim fails.

*Defendants' Conduct Does Not Shock the Conscience*

Notwithstanding, the second element of the state-created danger claim requires a plaintiff to sufficiently plead facts to establish that "a state actor acted with a degree of culpability that *shocks the conscience*." *Bright*, 443 F.3d at 281 (emphasis added). Generally, "the standard of culpability in substantive due process cases . . . is difficult to discern." *Sanford v. Stiles*, 456 F.3d 298, 305 (3d Cir. 2006). Practically speaking, "'the measure of what [action] is conscience shocking is no calibrated yard stick,' . . . . and has an 'elusive' quality to it." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006). Yet, "the 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" *United Artists Theater Circuit, Inc.* v.

11